UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID J. McCARTHY,

            Plaintiff,

    -against-

BUTLER TIBBETTS, LLC,

            Defendant.

21-cv-9119 (JGK)

ORDER

JOHN G. KOELTL, United States District Judge:

    The plaintiff, David J. McCarthy, brings this action invoking the Court's diversity jurisdiction. See 28 U.S.C. § 1332. The plaintiff, who is an attorney, sues the defendant, Butler Tibbetts, LLC, under state law for claims relating to the plaintiff's compensation for legal work. For the reasons set forth below, the Court directs the plaintiff to show cause, within 21 days of the date of this Order, why the Court should not dismiss this action for lack of subject matter jurisdiction. In the alternative, the Court grants the plaintiff leave to file, within 21 days, an amended complaint that clarifies his allegations about the citizenship, for purposes of 28 U.S.C. § 1332, of each of the individual members of Butler Tibbetts, LLC.

## STANDARD OF REVIEW

    The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, Fitzgerald v. First E. Seventh St.

Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam); that the complaint fails to state a claim, Wachtler v. County of Herkimer, 35 F.3d 77, 82 (2d Cir. 1994); or that the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); SBL Enterprises LLC v. Keystone Cap. Corp., No. 21-cv-4459, 2021 WL 2000365, at *1 (S.D.N.Y. May 19, 2021).

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited. Jurisdiction is available in federal court only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and the defendant are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "[A]ny party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford, 711 F.2d 501, 503 (2d Cir. 1983); Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The plaintiff does not invoke the Court's federal question jurisdiction and the plaintiff's claims do not appear to arise under federal law. The plaintiff alleges that the Court has subject matter jurisdiction based on diversity of citizenship.

2

To establish diversity jurisdiction under Section 1332, a plaintiff must allege that the plaintiff and the defendant are citizens of different states. Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 388 (1998). The plaintiff must also allege to a "reasonable probability" that the claim is in excess of $75,000, the statutory jurisdictional amount. See 28 U.S.C. § 1332(a); Colavito v. N.Y. Organ Donor Network, Inc., 438 F.3d 214, 221 (2d Cir. 2006).

For diversity purposes, an individual is a citizen of the state where the party domiciled. Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000) (defining domicile as the place where a person "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning" (internal quotation marks and citation omitted)). A corporation is a citizen of both the state where it has its principal place of business and the state where it is incorporated, Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010), but a limited liability company takes the citizenship of each of its members. Bayerische Landesbank v. Aladdin Capital Mgmt., LLC, 692 F.3d 42, 49 (2d Cir. 2012).

The plaintiff alleges that he resides in New Jersey. ECF 1 ¶ 1. He alleges that the defendant is "a Connecticut professional limited liability company" with "offices in Connecticut and in New York." Id. ¶ 2. The complaint does not,

3

however, include allegations about the citizenship of each of the individual members of the limited liability company. Therefore, the plaintiff has failed to allege that diversity of citizenship is complete. See Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005) (explaining that the plaintiff bears the burden of establishing subject matter jurisdiction).

Therefore, the Court directs the plaintiff to show cause, by filing a written declaration within 21 days of the date of this Order, why the Court should not dismiss the complaint for failure to plead adequately subject matter jurisdiction. In the alternative, the Court grants the plaintiff leave to file an amended complaint within 21 days, in order to clarify his allegations about the citizenship of each of the individual members of the limited liability company named as a defendant.

## CONCLUSION

The Court directs the plaintiff to show cause, by filing a written declaration within 21 days of the date of this Order, why the Court should not dismiss the complaint for failing to allege facts showing that the Court has subject matter jurisdiction of this action. In the alternative, the Court grants the plaintiff leave to file an amended complaint within 21 days, in order to clarify his allegations about the

citizenship of each of the individual members of the limited liability company named as a defendant.

If the plaintiff fails to submit a declaration or amended complaint within 21 days, or if the declaration or the amended complaint does not allege adequately that the Court has subject matter jurisdiction over this action, the complaint (or amended complaint) will be dismissed for lack of subject matter jurisdiction. The Clerk of Court is directed to mail a copy of this Order to the plaintiff and note service on the docket.

**SO ORDERED.**

Dated: New York, New York
       November 19, 2021

_____
John G. Koeltl
United States District Judge